UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BARBARA A.,

                          Plaintiff,

v.                                                                                        CASE # 20-cv-00817

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
_____

APPEARANCES:                                          OF COUNSEL:

LAW OFFICES OF KENNETH HILLER         SAMANTHA J. VENTURA, ESQ.
  Counsel for Plaintiff                                KENNETH HILLER, ESQ.
6000 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.             DANIELLA M. CALENZO, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

       The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

**I.      RELEVANT BACKGROUND**

**A.      Factual Background**

Plaintiff was born on February 13, 1967, and has a high school education. (Tr. 192, 197). Generally, plaintiff's alleged disability consists of bipolar disorder, ulcerative colitis, lumbar disc disease, high cholesterol, high blood pressure, and acid reflux. (Tr. 196). Her alleged onset date of disability is January 19, 2011. (Tr. 192).

**B.      Procedural History**

On August 22, 2017, plaintiff applied for a period of Supplemental Security Income (SSI) under Title XVI of the Social Security Act. (Tr. 16). Plaintiff's application was denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On August 2, 2019, plaintiff appeared before ALJ Bryce Baird. (Tr. 35-77). On August 22, 2019, ALJ Baird issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 13-30). On May 7, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-4). Thereafter, plaintiff timely sought judicial review in this Court.

**C.      The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since August 22, 2017, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: obesity; generalized anxiety disorder; depressive disorder; borderline personality disorder; Crohn's disease; and lumbar degenerative disc disease (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she can lift and carry on occasion up to 20 pounds and frequently up to 10 pounds. She can sit for up to six hours in an eight-hour workday, and she can stand/walk for up to six hours in an eight-hour workday. She can occasionally climb ramps or stairs, but she cannot climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, and crouch, but she can never crawl. She is limited to environments in which there is no exposure to excessive vibration or hazards such as unprotected heights or moving machinery. The claimant is limited to simple routine tasks that can be learned after a short demonstration or within 30 days. The work would allow the claimant to be off-task for up to 5% of the workday in addition to regularly scheduled breaks. The work cannot require driving a vehicle. The claimant can have up to occasional interaction with the public and coworkers. The work cannot require teamwork, such as on a production line.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on February 13, 1967 and was 50 years old, which is defined as a younger individual closely approaching advanced age, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work  (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969, and 416.969a).

10. The claimant has not been under a disability, as defined in the Social Security Act, since August 22, 2017, the date the application was filed (20 CFR 416.920(g)).

(Tr. 13-30).

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff argues the Appeals Council erred in not considering post-decision evidence. Additionally, plaintiff asserts the ALJ created an RFC that was highly specific, unsupported by substantial evidence, and fails to consider her use of a cane. (Dkt. No. 13 at 1 [Pl.'s Mem. of Law).

B. **Defendant's Arguments**

Defendant responds that the ALJ's mental RFC is supported by substantial evidence and plaintiff fails to show she had additional mental work-related limitations. (Dkt. No. 14 at 5-6 [Def.'s Mem. of Law]). Defendant also asserts the ALJ appropriately considered plaintiff's use of a cane and the RFC finding for a range of light work is supported by substantial evidence. (*Id*. at 13-14). Lastly, defendant responds that any additional evidence submitted to the Appeals Council was not relevant and would not have changed the ALJ's decision. (*Id.* at 24).

III. **RELEVANT LEGAL STANDARD**

A. **Standard of Review**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where

evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

IV.   ANALYSIS

   A. Mental RFC

Plaintiff argues the mental RFC, specifically the finding of plaintiff being off task 5% of the time, is not supported because the ALJ did not rely on a medical opinion. (Dkt. No. 13 at 14). It is well settled by the Second Circuit that an ALJ's decision does not have to be supported by an opinion. *Poupore v. Astrue*, 566 F.3d 306 (2d Cir. 2009); *see Corbiere v. Berryhill* 760 F. App'x 54, 56 (2d Cir. Jan. 23, 2019) (affirming the Commissioner's final decision despite the lack of a medical opinion expressly speaking to the physical portion of the RFC determination of sedentary work, and relying, instead, on the relevant medical findings in the treatment notes). Where the record contains sufficient evidence, an ALJ is permitted to make determinations related to severe impairments. *Cook v. Comm'r of Soc. Sec.*, 818 F. App'x 108, 109–10 (2d Cir. 2020) (summary order) ("[A]lthough there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when 'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity.' . . . Here, the treatment notes were in line with the ALJ's RFC determinations."). For the reasons discussed below, plaintiff's arguments that the ALJ erred by not relying on an opinion and in finding greater mental functional restrictions than those in an opinion are meritless. (Dkt. No. 13 at 14).

As an initial matter, the ALJ thoroughly explained how persuasive he found each medical opinion and plaintiff does not argue the ALJ erred in considering the persuasiveness of each. (Dkt. No. 13 at 13). In arriving at the RFC determination, ALJ Baird found persuasive Dr. Schaich's opinion indicating that plaintiff had no evidence of limitation in the ability to understand, remember, and apply simple and complex directions and instructions or to use reason and judgment to make work-related decision. (Tr. 26, 448-49). However, he reported plaintiff would have mild

limitations in interacting adequately with supervisors, coworkers, and the public and in sustaining concentration and performing tasks at a consistent pace, sustaining an ordinary routine and regular attendance at work, and in her ability to regulate emotions, control behaviors, and maintain well-being. (Tr. 448-49). The fact that the ALJ assessed greater limitations, such as the 5% off-task limitation, does not warrant remand. *Lesanti v. Comm'r of Soc. Sec.*, 436 F.Supp. 3d 639, 649 (W.D.N.Y. 2020).

The ALJ properly considered the whole record in assessing the RFC and found the mild limitations of Dr. Schaich's opinion did not fully accommodate the limitations evidenced in the complete administrative record. (Tr. 27). *See* 20 C.F.R. § 416.927(c)(4)(consistency). Plaintiff's argument focuses on the 5% off-task limitation but fails to identify any evidence of additional mental limitations or greater limitations than those assessed by the ALJ. Case law has held that where treatment notes are in line with a RFC finding, an ALJ can craft a highly specific RFC finding absent a medical opinion. *Cook*, 818 F. App'x at 108 (affirming ALJ's RFC determination that did not align with any particular medical opinion); *see also Tracy R. v. Comm'r of Soc. Sec.*, No. 6:20-CV-06132 EAW, 2021 WL 2659219, at *9 (W.D.N.Y. June 29, 2021)(affirming where there was no medical source opinion to support 10 percent off task limitation). There was a voluminous record before the ALJ, containing extensive treatment records and opinion evidence. The ALJ specifically discussed records of fluctuating mental health symptoms, mental status findings, and effects of treatment and medication, as well as the opinion evidence. (Tr. 25-26). The ALJ considered the evidence before him and provided clear justification for his assessment of that evidence, resulting in a mental RFC that is well-supported by the record.

### B. Physical RFC

Plaintiff next argues the physical RFC is not supported by substantial evidence because it does not take into account plaintiff's use of a cane. (Dkt. No. 13 at 15-18). For a cane to be medically necessary, there must be medical documentation establishing the need for the cane to aid in walking or standing and describing the circumstances for which it is needed. *See* SSR 96-9p. Contrary to plaintiff's assertions, the ALJ discussed plaintiff's cane use and explicitly explained his reasons for not including its use in the RFC assessment. *Wright v. Colvin*, No. 6:13-cv-06585 (MAT), 2015 WL 4600287, at *5 (W.D.N.Y. July 29, 2015) (the ALJ must "properly consider the medical necessity of Plaintiff using a cane"). Defendant's brief painstakingly identifies the ALJ's numerous references to physical records with and without use of a cane. (Dkt. No. 14 at 14). As evidenced from the decision, the ALJ expressly found plaintiff generally retained normal gait without relying on an assistive device after carefully and thoroughly reviewing treatment notes, in explaining the basis for his RFC finding. Additionally, the ALJ found persuasive the opinion of Dr. Padmaraju which was based on a review of the administrative record, including an examination by consultative examiner Dr. Dave. (Tr. 107). Dr. Padmaraju opined the plaintiff was capable of light work, except she could occasionally climb, balance, stoop, kneel, and crawl with no discussion of requiring a cane. (Tr. 28, *see* Tr. 105-107). Dr. Dave observed the plaintiff carried a cane but had a normal gait and stance with the ability to move around the exam room. (Tr. 452-53).

In addition to the medical records, the ALJ noted plaintiff's testimony that she only required a cane for long distances and walking outside the house. (Tr. 22, 50). The ALJ further noted plaintiff's testimony that her cane was not prescribed, and she started using her cane two-years prior to the hearing when she stopped seeing a pain doctor. (Tr. 22, *referring to* Tr. 51

(Plaintiff's counsel's statement at the hearing that her cane was not prescribed), 68). *See Geraldine R. v. Comm'r of Soc. Sec.*, No. 19-CV-511-FPG, 2021 WL 1197911, at *5 (W.D.N.Y. Mar. 30, 2021) (finding plaintiff's statements that "she was just using her cane for only precautionary reasons outside the house" provided support for ALJ's RFC which did not include a cane use).

ALJ Baird's rationale for not including a cane limitation is appropriately explained in the decision. Plaintiff's reliance on a few isolated treatment notes is insufficient to satisfy her burden to prove it is medically required. SSR 96-9p. *See Batt v. Comm'r of Soc. Sec.,* No. 1:18-CV-92-DB, 2019 WL 2375055, at *6 (W.D.N.Y. June 5, 2019)("Although some of the medical records indicate that plaintiff used a cane to ambulate on some occasions, the medical record overall contains more assessments from physicians who observed plaintiff walking normally, without any cane or assistance.").

### C.  Appeals Council Evidence

After the ALJ issued his unfavorable disability decision on August 22, 2019, plaintiff submitted a medical examination for employability assessment which was completed by Nurse Practitioner (NP) Barber on September 24, 2019. (Tr. 78-80). The Appeals Council must accept additional evidence so long as it is new, material, and relates to the period on or before the date of the ALJ's decision. See 20 C.F.R. § 404.970(b). It is material if it is relevant to the plaintiff's condition during the time period for which benefits were denied and probative, meaning there is a reasonable probability that it would have influenced the Commissioner to decide the claimant's application differently. *Webb v. Apfel*, No. 98-CV-791, 2000 WL 1269733, at *14 (W.D.N.Y. Feb. 8, 2000) (citing *Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir. 1990)). Assuredly, evidence may not be deemed irrelevant solely because of timing. *See Hightower v. Colvin*, No. 12-CV-6475T, 2013 WL 3784155, at *3 (W.D.N.Y. July 18, 2013)(Additional evidence may relate to the relevant time

period even if it concerns events after the ALJ's decision, provided the evidence pertains to the same condition previously complained of by the plaintiff.). Here, the Appeals Council determined the evidence was not material to the relevant time period. The Court concurs that plaintiff has failed to show the evidence was relevant as discussed below. (Tr. 2).

On the medical exam form NP Barber only referenced an examination of plaintiff on September 13, 2019 and diagnoses from September 24, 2019, with no indication it was a retroactive opinion or based on prior treatment. (Tr. 79). NP Barber unquestionably referred only to plaintiff's condition on September 24, 2019, a month after ALJ's decision. (Tr. 79-80). Plaintiff's arguments focus on case law related to opinions submitted to the AC that related back to the period at issue, which is not the situation here.

Regardless of date, her opinion was also consistent with the RFC and similar to the opinion of Dr. Dave, which was considered by the ALJ. (Tr. 80, 454). NP Barber assessed that plaintiff had no limitations using her hands or in understanding, remembering, and carrying out instructions, maintaining attention and concentration, making simple decisions, interacting appropriately with others, maintaining socially appropriate behavior without exhibiting behavioral extremes, and maintaining basic standards of hygiene and grooming. (Tr. 80). She otherwise found plaintiff was only moderately limited (not very limited) in all other physical and mental duties of work: walking, standing, sitting, lifting, carrying, pushing, pulling, bending, stairs or other climbing, and appeared able to function in a work setting at a consistent pace. (*Id.*). This is consistent with the moderate physical limitations of Dr. Dave and the ALJ's finding that the record supported greater mental limitations than the mild limitations opinioned by Dr. Schaich. (Tr. 75, 449). In sum, the evidence submitted to the AC did not relate to the period at issue and furthermore plaintiff has failed to show it would have been likely to alter the ALJ's decision.

**ACCORDINGLY, it is**

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is

**DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is

**GRANTED**.

Dated: December 30, 2022  
Rochester, New York

*J. Gregory Wehrman*  
HON. J. Gregory Wehrman  
United States Magistrate Judge